IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOUGLAS ALAN FELDMAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:07-CV-1284-P |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | (Death Penalty Case) |
| Correctional Institution Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER ON *PRO SE* PLEADING**

Petitioner Douglas Alan Feldman is a Texas death-row inmate set for execution on July 31, 2013. He has filed a document entitled "Subsequent *Pro Se* Habeas Corpus Writ" (doc. 28, also "*Pro se* Pleading") by which he appears to seek, among other things, to proceed with a second or successive section 2254 motion for habeas relief and raise additional civil-rights claims pursuant to 42 U.S.C. § 1983.[1] The Court directs that two new cases be opened for (1) the successive habeas application, and (2) the civil-rights complaint, and that the following dispositions be made.

I.

Most of the *Pro se* Pleading asserts claims for habeas relief. (Doc. 28 at pp. i-iii, 1-23, and A1-A2.) In fact, Feldman directs the Court to accept this pleading "as a

---

[1]The *Pro se* Pleading is presented as a multiple-purpose pleading that is not intended solely for this Court, but is addressed to several courts and even includes a request for clemency before the Texas Board of Pardons and Paroles. This pleading also mentions three exhibits that are not attached but are listed as "E) Governor Rick Perry Letter," "F) Executed Offender List (4/26/12)," and "G) Misc. attachments and letters." (Doc. 28 at p. iii.) This order addresses all of the matters that are raised in this pleading and actually provided to the Court.

subsequent *pro se* filing of a writ of habeas corpus on my conviction for capital murder in the State of Texas . . . ." (doc 28 at i). Therefore, it is subject to the limitations on successive habeas applications.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. A petition is successive when it raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition. *See Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008). "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). A claim presented in a second or successive application under Section 2254 must be dismissed unless:

>   (A)   the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>   (B)   (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the

2

court of appeals before a petitioner files his application in the federal district court. *Id.* § 2244(b)(3).

B.

As Feldman concedes, a previous habeas challenge to his conviction has been denied by this Court. *See Feldman v. Thaler,* No. 3:07-CV-1284-P, 2011 WL 1666937 (N.D. Tex. May 3, 2011), *COA denied*, 695 F.3d 372 (5th Cir. 2012), *cert. denied,* No. 12-7748, 2013 WL 1091816 (Mar. 18, 2013). In that prior petition (doc. 7), Feldman raised four grounds for relief regarding (1) the trial court's refusal to instruct the jury on a lesser-included offense, (2) the trial court's order striking a potential juror for cause, (3) the trial court's refusal to strike an unqualified juror, and (4) the ineffective assistance of trial counsel in failing to investigate and present evidence of his bi-polar disorder. This Court denied habeas relief, and neither this Court nor the Court of Appeals granted a certificate of appealability.

The *Pro se* Pleading raises many claims for habeas relief that were not presented in the prior habeas petition and are subject to the limitation of 28 U.S.C. § 2244(b)(2). Because the Court of Appeals has not issued an order authorizing this Court to consider this successive Section 2254 application for post-conviction relief, this Court is without jurisdiction to do so. This Court may either dismiss the application for lack of jurisdiction or transfer it to the Court of Appeals. *See In re Hartzog*, 444 F. App'x 63, 64 (5th Cir. 2011) (per curiam) (citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)); *Hearn v. Thaler*, No. 3:12–CV–2140–D, 2012 WL 2715653 (N.D. Tex., July

9, 2012) (Fitzwater, C.J.). "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating." *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir.1990). These concerns are heightened when considering whether to stay an execution. *See, e.g., Ford v. Wainwright*, 477 U.S. 399, 411 (1986) (discussing special concerns arising in capital proceedings leading up to an execution).

C.

The successive *pro se* application for habeas relief (doc. 28 at pp. i-iii, 1-23, and A1-A2) is TRANSFERRED to the United States Court of Appeals for the Fifth Circuit for a determination of whether to authorize the filing of this successive habeas petition under 28 U.S.C. § 2244(b)(2).

The Clerk of Court is DIRECTED to open for statistical purposes a new civil action (nature of suit 535 – death penalty habeas corpus – assigned to the same district judge) and to close the same on the basis of this Order.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack*

*v. McDaniel,* 529 U.S. 473, 484 (2000).[2] Petitioner has previously been allowed to proceed *in forma pauperis* (Mem. Order, doc. 20), and this status is continued for purposes of appeal.

## II.

Feldman also includes within his *Pro se* Pleading a section entitled "Civil Rights Lawsuit Complaint Brief" (doc. 28 at pp. C1-C3). He generally seeks compensation and injunctive relief related to conditions of his incarceration at the Alan B. Polunsky Unit of the Texas Department of Criminal Justice. (Doc. 28 at pp. C1-C3.)

### A.

The United States Court of Appeals for the Fifth Circuit has repeatedly cautioned district courts to separately consider civil-rights claims contained within a habeas pleading, no matter the label given by a *pro se* prisoner. *See, e.g., Thomas v. Alford*, 481 F. App'x 986 (5th Cir. 2012) (per curiam); *Rosin v. Thaler*, 417 F. App'x 432, 434 (5th Cir. 2011) (per curiam).

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

(a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

Accordingly, the Clerk of Court is DIRECTED to open a new civil action (nature of suit 550 – prisoner civil rights) and assign the case to the same district judge.

B.

The civil-rights claims raised by Feldman did not arise in the Northern District of Texas. Venue in a civil-rights action is governed by 28 U.S.C. § 1391(b). *See Davis v. Louisiana State University,* 876 F.2d 412, 413 (5th Cir. 1989). This statute provides that civil cases not founded solely on diversity of citizenship must be brought in the judicial district where: (1) the defendant resides; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) where any defendant may be found if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). The Court also may transfer a civil-rights action to any proper judicial district or division "for the convenience of the parties and witnesses, in the interest of justice." *Id. § 1404*(a); *see also Hardwick v. Brinson,* 523 F.2d 798, 800 n.2 (5th Cir. 1975).

Feldman's claims arise out of events that occurred at the Allan B. Polunsky Unit of the TDCJ-CID. (Doc. 28 at C1-C3.) The prison is located in Polk County, Texas, which lies within the Lufkin Division of the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(6). Accordingly, Feldman's civil-rights claims are hereby TRANSFERRED to that district and division pursuant to 28 U.S.C. § 1404(a).

III.

Feldman also includes within his *Pro se* Pleading a section entitled "Texas Board of Pardons & Parole Death-Penalty Clemency Petition" (doc. 28 at pp. B1-B3). This

section does not appear to be intended for this Court, but is instead presented as a request for clemency directed to the State of Texas. (Doc. 28 at p. B3.)

A.

State clemency requests are beyond the jurisdiction of federal courts. In Texas, the sole power to grant clemency is vested in the Governor of the State. *See* TEX. CONST. art. IV, § 11; *Woods v. Thaler*, 2009 WL 3756847 (W.D. Tex., Nov. 6, 2009) (Sparks, J.) (discussing nature of clemency in Texas). Clemency determinations are not judicial, and are traditionally outside of the jurisdiction of the courts. *See Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272, 280-81 (1998) (executive clemency is a matter of grace that allows the executive to consider a wide range of factors not comprehended by judicial proceedings and sentencing determinations); *Faulder v. Texas Bd. of Pardons & Paroles*, 178 F.3d 343 (5th Cir. 1999) ("[P]ardon and commutation decisions are not traditionally the business of courts and . . . are subject to the ultimate discretion of the executive power.").

B.

In this portion of his *Pro se* Pleading, Feldman makes an appeal for mercy based on factors that are argued to have been either inadequately considered by the courts or outside of the bounds of such judicial determinations. Feldman argues that the critical provocation and self-defense aspects of his case were not allowed to be adequately considered by the jury in his trial due to legal limitations applied by the trial court. (Doc. 28 at p. B1.) Feldman also makes an appeal based on matters of

religion, faith and morals (doc. 28 at pp. B1-B2), and concludes with a request for forgiveness, mercy and compassion to avoid the scheduled execution. (Doc. 28 at pp. B2-B3.) These are all traditional matters of clemency outside of the scope of judicial review, and beyond the jurisdiction of this Court.

The clemency petition (doc. 28 at pp. B1-B3) is DISMISSED for want of jurisdiction.

IV.

In summary, Feldman's *Pro se* Pleading presents a successive habeas petition, a civil-rights action, and a clemency petition, none of which should be considered by this Court. As stated above, new cases are ordered to be opened for the successive habeas petition and for the civil-rights action; the successive habeas petition is transferred to the United States Court of Appeals for the Fifth Circuit due to the absence of an order authorizing it to be filed here; the civil-rights action is transferred to the Lufkin Division of the Eastern District of Texas because venue is proper there; and the clemency petition is denied for want of jurisdiction.

IT IS SO ORDERED.

DATED: April 22, 2013.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE